# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

January 18, 2019

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re:    *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Helene Saren-Lawrence*, Adv. Pro. No. 10-04898 (SMB)

Dear Judge Bernstein:

We represent Irving H. Picard, the trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC, and the chapter 7 estate of Bernard L. Madoff, under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., the plaintiff in the above-referenced adversary proceeding.  We write in response to Your Honor's Memorandum Endorsed Order, signed on January 14, 2019 [ECF No. 169], and Defendant's letter motion seeking to adjourn trial in this matter based on hardship.  [ECF No. 168].

Defendant's counsel contacted Trustee's counsel to request a hardship dismissal of this action in November 2018.  Defendant's prior counsel had requested a hardship dismissal in 2011 by submitting an application to the Trustee with no supporting financial documentation and the hardship was denied on that basis.  Defense counsel recently re-sent that prior application to the Trustee.

As explained to counsel, the Trustee requires a current application and current supporting documentation to evaluate claims of medical and financial hardship and assess whether Defendant's case warrants dismissal or a reduced settlement as a result.  Given the medical information Dr. Samuel Rapoport submitted with the letter motion, the Trustee is willing to

Honorable Stuart M. Bernstein
January 18, 2019
Page 2

consent to adjournment of trial to allow Defendant to submit an updated hardship application and supporting documentation that sets forth her current financial information, including available assets, personal and real property, and the details of ownership so that he may consider whether hardship dismissal or a reduced settlement is appropriate. In order to evaluate any changed circumstances, the updated hardship application must be received by March 1, 2019. This will allow the parties to document any resolution of the case in short order. Absent full disclosure of Defendant's financial condition, the Trustee cannot discharge his fiduciary duty and ensure that all similarly situated victims are treated equally and fairly.

Alternatively, if Defendant is unwilling to or fails to submit an updated hardship application and supporting documentation for the Trustee's consideration, the Trustee requests that the hearing of this matter scheduled for January 23, 2019 be treated as a pre-motion conference pursuant to Local Bankruptcy Rule 7056-1(a) so the Trustee may file a motion for summary judgment in lieu of trial.

Counsel for the Trustee remains available should Your Honor have any questions in connection with the foregoing prior to the upcoming hearing.

                                  Respectfully submitted,

                                  */s/ Nicholas J. Cremona*

                                  Nicholas J. Cremona

cc:    (Via Email)
        Helen Davis Chaitman (hchaitman@chaitmanllp.com)
        Irving H. Picard, Esq. (ipicard@bakerlaw.com)
        Dean D. Hunt, Esq. (dhunt@bakerlaw.com)

4813-2743-3093.3